UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Crim. No. 1:20-cr-10220-FDS |
| KENJI INGRAM, | ) |
| | ) |
| Defendant | ) |

INITIAL STATUS REPORT PURSUANT TO LOCAL RULE 116.5(a) AND
ASSENTED-TO MOTION FOR ORDER ON EXCLUDABLE DELAY

The United States of America, by and through the undersigned Assistant United States Attorney, with the assent of counsel for the defendant, Kenji Ingram (the "defendant"), files this Initial Status Report pursuant to Local Rule 116.5(a). In short, the parties are cooperatively discussing pretrial matters and more time is needed for the defendant to review discovery and decide on next steps. Given the update below, if the Court is so inclined, the parties respectfully request that the Court cancel the initial status conference scheduled for December 9, 2020 and schedule an interim status conference in approximately 45 days.

The parties also request that the Court issue an order on excludable delay and exclude all time under the Speedy Trial Act from the time of the arraignment through the date of the interim status conference to be scheduled by the Court.

I. Timing and Status of Discovery

The defendant has requested automatic discovery and the government has made its initial automatic discovery production. The government understands that it has an ongoing and continuing duty to produce discovery and will make supplemental productions as needed. The government has already made certain disclosures broader than those required by the discovery rules, and the government is further considering whether to make voluntary productions of

additional discovery materials, including materials relating to uncharged conduct. The government has also made a request for reciprocal discovery from the defendant.

The parties are cooperatively discussing discovery and pretrial issues. At present, there are no outstanding discovery requests or discovery motions by the defendant. The defendant reserves the right to request additional discovery after counsel's review of materials produced to date has progressed further.

    II.    <u>Timing and Status of Protective Order</u>

At present, the parties do not believe that a protective order governing discovery is required. The discovery to date has been produced without a protective order in place.

    III.    <u>Timing and Status of Pretrial Motions</u>

The parties believe that it is too early to establish deadlines for pretrial motions. The parties request that any deadlines for motion practice not be set until the discovery process is further along.

    IV.    <u>Timing and Status of Expert Witness Disclosures</u>

Similarly, at this time, the parties request that expert witness deadlines not be set until the discovery process is further along.

    V.    <u>Timing of Next Status Conference</u>

The parties respectfully request that the instant report be considered in lieu of an initial status conference, and the parties do not anticipate any issues that warrant the Court's intervention at this time. The parties respectfully request that if the Court is so inclined, the Court cancel the upcoming initial status conference and instead schedule an interim status conference in approximately 45 days.

VI.     Excludable Delay Under Speedy Trial Act

The parties jointly request that the Court exclude all time for Speedy Trial Act purposes, *see* 18 U.S.C. § 3161, from the date of the arraignment on October 28, 2020 through and including the date of the interim status conference.  *See* Local Rule 112.2(a)(1) and 18 U.S.C. §§ 3161(h)(7).

Specifically, the parties submit that the ends of justice served by the granting of this request outweigh the interests of the public and the defendant in a speedy trial.  Among other things, the factors outlined in 18 U.S.C. § 3161(h)(7)(B) support such a continuance and additional time is necessary to prepare for trial.  *See, e.g.*, 18 U.S.C. § 3161(h)(7)(B)(i) (requiring consideration of whether the failure to grant a continuance would result in a miscarriage of justice) and 18 U.S.C. § 3161(h)(7)(B)(iv) (requiring consideration of whether, even if the case was not so unusual or complex as to fall within clause (h)(7)(B)(ii), a continuance is still required to give counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence).

Accordingly, the parties request that the Court issue an order on excludable delay and exclude time from the arraignment on October 28, 2020 through and including the date of the interim status conference.

                                                                Respectfully submitted,

                                                                ANDREW E. LELLING
                                                                United States Attorney

                                                    By:     */s/ Sarah B. Hoefle*
                                                                Sarah B. Hoefle
                                                                Kunal Pasricha
                                                                Assistant United States Attorneys


Dated:  December 2, 2020

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                */s/ Sarah B. Hoefle*
                                                Sarah B. Hoefle
                                                Assistant United States Attorney

Date: December 2, 2020